UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

SAMANTHA HESS,

    Plaintiff,

v.

RED BULL DISTRIBUTION COMPANY, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, RED BULL DISTRIBUTION COMPANY, INC. (hereinafter "RED BULL" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Middle District of Florida, Orlando Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, SAMANTHA HESS ("Plaintiff"), commenced this civil action in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida styled SAMANTHA HESS v. RED BULL DISTRIBUTION COMPANY, INC., CASE NO. 2021-CA-002971 (the "Action"). Attached hereto as **Exhibit "1"** is a copy of the original Complaint.

2. RED BULL was served with the original Complaint on or about December 22, 2021. Attached hereto as part of **Exhibit "2"** is a copy of the Summons and proof of service of the Complaint on RED BULL.

3. Undersigned counsel received a copy of said Complaint shortly thereafter, and advised Plaintiff on or about January 6, 2021 of Defendant's intention to remove this action. Attached hereto as Exhibit "3" is Defendant's correspondence to Plaintiff's counsel dated January 6, 2021, providing notice of the intent to remove and the accompanying proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of **Exhibit "3"** is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. Plaintiff's counsel did not agree to execute the proposed Joint Stipulation of Alleged Damages.

4. Given the potential removal of the matter, Defendant filed a Motion for Extension of Time to Respond to the Complaint and Motion for Extension of Time to Respond to the Discovery served with the Complaint citing how this case could be removed. Attached hereto as **Exhibit "4"** is Defendant's Motion for Extension of Time to Respond to the Complaint and Discovery Served with the Complaint.

5. Given Plaintiff's refusal to execute the Joint Stipulation of Alleged Damages, Defendant served its Jurisdictional Request for Admissions to Plaintiff, seeking admissions as to the alleged amount in controversy. Attached hereto as **Exhibit "5"** is Defendant's Jurisdictional Request for Admissions to Plaintiff.

6. Defendant's Jurisdictional Request for Admissions number one (1) requested that Plaintiff "Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint exceeds $75,000.00 dollars, exclusive of interest and costs." Its Jurisdictional Request for Admissions number two (2) requested that Plaintiff "Admit the alleged amount in controversy for all claims alleged by Plaintiff in the Complaint does not exceed $75,000.00 dollars, exclusive of interest and costs." *Id.*

7. On January 28, 2022, Plaintiff filed and served Plaintiff's Response to Defendant's Jurisdictional Request for Admissions. Plaintiff responded by stating "After a reasonable inquiry based on the information known at this time, the Plaintiff is unable to admit or deny this request." Attached hereto as part of **Exhibit "5"** is Plaintiff's Response to Defendant's Jurisdictional Request for Admissions.

8. Then, on March 25, 2022, counsel for Plaintiff for the first time served a Proposal for Settlement for One Million Dollars. Attached hereto as part of **Exhibit "6"** is a true and correct copy of the Proposal for Settlement. Reliance on such a document for removal is recognized. *See e.g. Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) and *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-CV-116-OC-10GRJ, 2008 WL 11335074, at *1 (M.D. Fla. June 5, 2008)("Based upon the amount demanded by Plaintiff in the Proposal for Settlement, Defendants removed this action on March 18, 2008 on the grounds of diversity of citizenship jurisdiction. . . .There is no dispute in this case that diversity of citizenship exists between the Plaintiff and Defendants and no dispute that the amount in controversy in this case exceeds the sum of $75,000."), report and recommendation adopted, No. 5:08-CV-116-OC-10GRJ, 2008 WL 11335075 (M.D. Fla. July 2, 2008).

9. Plaintiff's March 25, 2022 Proposal for Settlement (PFS), attached hereto as **Exhibit "6"**, was the first paper in the matter from which it could be ascertained that the case is one which is or has become removable.[1] Therefore, the time for removal did not begin to run until March 25, 2022. *See* 28 USC § 1441; *Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912 (M.D. Fla. 2007) (Where the basis for federal jurisdiction does not appear in the initial pleading, but arises subsequently, the defendant must file a notice of removal within thirty days after receipt by Defendant of a motion or "other paper" from which it may be first ascertained the case is one which is or has become removable).

10. While Plaintiff's Complaint is highly vague and ambiguous, this is an alleged personal injury case in which RED BULL is alleged to have been negligent because of an unspecified injury Plaintiff purportedly sustained on April 4, 2019 at an unspecified location of the premises located at 4140 FL-46, Sanford, FL 32771. In short, the Complaint alleges a Red Bull delivery driver's product delivery cart struck her while dropping off merchandise at her place of her work.[2] Subsequently, Plaintiff alleges a host of legal conclusions without any supporting factual allegations, all resulting in damages bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical

---

[1] As noted above, Plaintiff could not even determine whether her own alleged amount in controversy exceeded $75,000.00 at the time she submitted her Response to Defendant's Jurisdictional Request for Admissions. Plaintiff did not produce any other document or paper supporting the alleged amount in controversy exceeds $75,000.00 prior to the PFS. Thus, Defendant could not have proven that the alleged amount in controversy exceeded $75,000.00 by a preponderance of the evidence prior to Plaintiff serving her Proposal for Settlement.

[2] See Complaint.

and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.

11. Defendant RED BULL seeks to invoke its right to removal to the Middle District of Florida, Palm Beach Division, the District in which the action is now pending.

12. This Notice is filed within thirty (30) days of the date that RED BULL first received a copy of Plaintiff's PFS in excess of $75,000.00, and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

13. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

14. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida as required by law.

15. Attached hereto as part of **Exhibit "2"** to this Notice are all true and legible copy of all non-discovery related process, pleadings, orders and other papers or exhibits of every kind on file in the Circuit Court.

16. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

17. The basis for Removal arises from the PFS, but it is supported by a preponderance of the evidence.

18. The Complaint states that Plaintiff seek damages in excess of the jurisdictional minimum of the Florida Circuit Court. The damages available to Plaintiff, if they prevail, are not limited in any fashion, however.

19. Plaintiff's counsel also refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal.

20. Lastly, Plaintiff did not know what the alleged amount in controversy was at the time they responded to Defendant's Jurisdictional Request for Admissions. District Courts have held that such a response should be interpreted against Plaintiff. See *CitiFinancial Mortg. Co., Inc. v. Frasure*, No. 06-CV-160, 2008 WL 2199496, at *10 (N.D. Okla. May 23, 2008); see also *Murchison v. Progressive Northern Ins. Co.*, 564 F. Supp. 2d I311 (E.D. Okla. 2008) (opining that an evasive answer to a request for admission regarding the amount of damages will be construed by the court against the Plaintiff.). In short, based on these facts the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

21. Plaintiff is a citizen of Florida and the Defendant RED BULL is a Delaware corporation with its principal place of business located at 1630 Stewart Street Santa Monica, CA 90404. RED BULL is therefore a citizen of the State of Delaware and State of California for purposes of diversity jurisdiction.

22. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff who is a citizen of Florida and Defendant who is a citizen of Delaware and California. Accordingly, Defendant RED BULL respectfully request that this action

proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

Respectfully submitted,

/s/ Michael Alexander Garcia
Antonio B. Villa de Rey
Fla. Bar No. 1022522
Email: abv@fowler-white.com

Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael Alexander Garcia
Michael Alexander Garcia

## SERVICE LIST

CASE NO.

1. Morgan & Morgan, P.A.
   Stephen C. Lynch, Esq.,
   slynch@forthepeople.com